UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TIME WARNER CABLE OF NEW YORK CITY,

                Plaintiff,

-against-

HARENDRAY VERMA,

                Defendant.
-------------------------------------------------------------X

04 Civ. 5673 (JG)(KAM)

**DEFAULT JUDGMENT**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 30 2005 ★
BROOKLYN OFFICE

This action having been commenced on December 27, 2004, by the filing of the Summons and Complaint, and copies of the Summons and Complaint having been served personally on defendant Harendray Verma on May 4, 2005, pursuant to Fed.R.Civ.P. 4(e)(2), and it further appearing that defendant has not appeared, answered or otherwise moved with respect to the Complaint, and the time for answering the Complaint having expired,

**NOW**, on motion of the plaintiff, Time Warner Cable of New York City ("Time Warner" or "plaintiff"), by its attorneys, LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P., it is hereby:

**ORDERED, ADJUDGED and DECREED** that the plaintiff, Time Warner, shall recover from defendant Harendray Verma the damages sustained by it on account of the claims for relief demanded in the Complaint, together with interests and costs of this action, together with reasonable attorneys' fees; and it is further,

**ORDERED, ADJUDGED and DECREED** that plaintiff is entitled to a permanent injunction against defendant Harendray Verma's unauthorized interception of plaintiff's telecommunication signals as proscribed under 47 U.S.C. § 553(a)(1), which injunction is authorized under 47 U.S.C. § 553 (c)(2)(A) and demanded in plaintiff's Complaint; and it is further,

**ORDERED, ADJUDGED and DECREED** that defendant Harendray Verma and any of the defendant's servants, employees, agents, assigns, and any person(s) or entity(ies) in active concert and participation with any of them are hereby enjoined and restrained from aiding and abetting or engaging in the interception, divulgence, reception or display of the cable television programming, service or signal of the plaintiff, whether transmitted by air or by wire, without the express authorization of the plaintiff, and are hereby further enjoined and restrained from connecting, attaching, splicing into, tampering with or in any way using the cable wiring of the plaintiff for the purpose of obtaining any of the programming services of the plaintiff without plaintiff's express authorization, and are hereby permanently enjoined and restrained from manufacturing, purchasing, obtaining, utilizing or installing any device or equipment capable of descrambling, intercepting, receiving, decoding or in any way making available the programming and services of the plaintiff without plaintiff's authorization; and it is further,

**ORDERED**, that this matter be referred to Magistrate Judge Kiyo A. Matsumoto to report and recommend the amount of damages to be awarded to the plaintiff, plus reasonable attorneys' fees, if any, pursuant to 47 U.S.C. § 553 (c)(2), as demanded in plaintiff's Complaint.

Dated: Brooklyn, New York
_____, 2005

                                                s/John Gleeson
                                                      U. S. D. J.